UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MUNYORORO,<br><br>         Plaintiff,<br><br>v.<br><br>RICK HILL, Warden,<br><br>         Defendant. | Case No.: 18CV458-BAS(KSC)<br><br>**REPORT & RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS [DOC. NO. 8]** |

Petitioner, a state prisoner proceeding *pro se,* initiated this case with the filing of a Petition for Writ of Habeas Corpus challenging his sentence, which was entered in the Superior Court, County of San Diego pursuant to a plea agreement. [Doc. No. 3.] Currently pending before the Court is a Motion to Dismiss, accompanied by lodgments, that were filed by respondent on August 6, 2018. [Doc. Nos. 8 & 9]. Petitioner's original deadline to oppose the Motion to Dismiss was September 6, 2018. [Doc. No. 6.] When petitioner did not file an opposition brief by the deadline, the Court *sua sponte* issued a new briefing schedule, extending the deadline to file an opposition brief to November 2, 2018. [Doc. No. 10.] As of this date no such filing has been made. After reviewing petitioner's claims, respondent's Motion to Dismiss and the supporting lodgments the undersigned RECOMMENDS respondent's Motion to Dismiss be GRANTED.

## I. BACKGROUND

On January 9, 2013, in the Superior Court, County of San Diego, petitioner entered a guilty plea to the charges of assault with the intent to produce great bodily harm (Cal. Penal Code § 245(a)(4)), and possession of a firearm by a felon (Cal. Penal Code § 29800(a)(1)). He also admitted to firearm use and a prior conviction allegation and on March 14, 2013, was sentenced to a total of fifteen years and four months in state prison. [Doc. No. 3 & Lodgment Nos. 1-3.]

Nearly two years later, on December 8, 2015, petitioner filed a habeas petition in the San Diego Superior Court, seeking to have his restitution fine reduced. [Lod. No. 4.] His petition was denied on January 20, 2016, because he had not adequately set forth a prima facie statement of facts that would entitle him to habeas relief. [Lod. No. 5.]

On July 12, 2017, petitioner constructively filed an ex parte motion in the San Diego County Superior Court requesting a modification of his sentence on the basis it was not supported by sufficient evidence.[1] [Lod. No. 6.] His motion was denied without comment on August 30, 2017. [Lod. No. 7.]

Thereafter, on September 8, 2017, petitioner filed a Notice of Appeal, requesting the California Court of Appeal, review the lower court's denial of his ex parte motion for a modification of his sentence. [Lod. No. 8.] On September 26, 2017, the appeal was dismissed on the basis the Superior Court's denial of the sentence modification did not affect petitioner's substantial rights. [Lod. No. 9.]

On October 26, 2017, petitioner constructively filed a habeas petition in the California Supreme Court, in which he argued his sentence should be reduced because he was given two consecutive sentences on the charge of assault with the intent to produce

---

[1] "Under the 'mailbox rule,' a *pro se* prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

great bodily injury, the same claim he has raised with this Court.[2] [cf. Lod. No. 9, Doc. No. 3.] The California Supreme Court denied that petition on the basis it was untimely filed, citing *In re Robbins,* 18 Cal. 4th 770, 780 (1998). [Lod. No. 11.]

This action was then initiated with the constrictive filing of petitioner's original federal habeas petition on February 20, 2018, which erroneously referred to 28 U.S.C. § 2241 as the basis for his petition for habeas relief. [Doc. No. 1, p. 35]. On initial screening, the Honorable Cynthia A. Bashant dismissed the original petition without prejudice and with leave to amend. [Doc. No. 2]. The First Amended Petition ("FAP"), which is the operative pleading, was constructively filed on May 25, 2018. [Doc. No. 3, p. 42.]

On August 6, 2018, respondent filed a Motion to Dismiss contending the FAP is time-barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that review of the claim of sentencing error is precluded by *Tollett v. Henderson,* 411 U.S. 258 (1975) and the doctrine of procedural default. As discussed below, respondent's Motion to Dismiss should be granted and the FAP should be dismissed with prejudice.

## II. DISCUSSION

### A. The Petition Is Time-Barred Under The AEDPA

The statute of limitations under the AEDPA applies to petitioner's presentation of claims in this Court. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1286-87 (9th Cir. 1997), *as amended on denial of rhg. and rhg. en banc, cert. denied*, 522 U.S. 1099

---

[2] In his habeas petition filed in the California Supreme Court, as well as in his First Amended Petition, petitioner makes a cursory allegation that his trial counsel provided ineffective assistance at the sentencing stage, however, he does not provide any argument or support for his assertion. [cf. Lod. No. 9, p. 5., Doc. No. 3, p. 13.] A bare allegation of ineffective assistance of counsel, without supporting facts, does not warrant habeas relief and will not be treated by the Court as such. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (*citing James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Although this unsupported allegation is insufficient to warrant habeas relief, even if it were not, it would be time-barred and procedurally defaulted for the reasons discussed *infra* relating to his sentencing error claim.

(1998), *overruled on other grounds* in *Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999). Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, subparagraphs (B) through (D) plainly do not apply, and petitioner has provided no argument that they do. Thus, subparagraph (A) of 28 U.S.C. § 2244(d)(1) applies to petitioner's claim.

As outlined above, pursuant to his plea agreement, petitioner was sentenced on March 14, 2013. He did not, thereafter, file an appeal, so his conviction became final sixty days later, on May 13, 2013. See Cal. R. Ct. 3.308(a) (allowing for 60 days to file and perfect an appeal); Cal. Pen. Code § 1237(a) (a 'sentence' constitutes a "final judgment" for purposes of a defendant's right to appeal). Accordingly, absent any applicable tolling, petitioner had one year from that date, until May 14, 2014, to file his federal habeas petition. Because he did not constructively file his federal habeas petition until February

20, 2018, nearly four (4) years after the AEDPA limitations period expired, this Court must next consider whether petitioner is entitled to statutory or equitable tolling.

### 1. *Statutory Tolling*

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 724 (9th Cir. 2008) (citations and internal quotations omitted, emphasis in original). In California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)). Here, petitioner did not file his first state habeas petition until December 8, 2015, over one and a half years after the AEDPA statute of limitations ended. [Lod. No. 4.] Thus, the pendency of that petition, or the other habeas petitions filed subsequently by petitioner, could not toll the already-expired limitations period pursuant to 28 U.S.C. § 2244(d)(2). See *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding that statutory tolling is not available when first state habeas petition is filed after the AEDPA limitations period has expired). Statutory tolling cannot revive a limitations period that has already ended; it can only serve to pause a clock that has not already run. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Patterson*, 251 F.3d at 1247. Once the federal limitations period has ended, the filing of a state habeas petition cannot revive it. *Ferguson*, 321 F.3d at 823; *Jiminez*, 276 F.3d at 482.

None of petitioner's collateral filings, therefore, had any effect on the AEDPA statute of limitations, as they were all filed after the statute of limitations had expired on

May 14, 2014. Petitioner's federal petition is time-barred unless he is entitled to equitable tolling.

### 2. *Equitable Tolling*

Equitable tolling of the one-year statute of limitations on habeas petitions is permitted in the Ninth Circuit, but petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews v. State of California*, 432 F.3d 1021, 1026 (9th Cir. 2005). In order to do so, petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Equitable tolling is available only if some "external force" beyond the petitioner's direct control caused the untimeliness. *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner has not set forth any facts or arguments that equitable tolling should apply, and, thus, he has not demonstrated either diligence or extraordinariness. Accordingly, the AEDPA's statute of limitations should not be equitably tolled in his case.

### B. Petitioner's Claim is Procedurally Defaulted

In addition to being untimely, petitioner's claim of sentencing error is procedurally defaulted. Under the doctrine of procedural default, a federal court will not review the merits of a claim, including a constitutional claim that a state court declined to consider because the petitioner failed to comply with a state procedural rule. *Martinez v. Ryan*, 2012 WL 912950, at *6 (Mar. 20, 2012). So long as the decision of the state court rests on a state law ground that is "independent" of federal law and is "adequate" to support the judgment, a federal habeas court will not review a claim rejected by a state court on procedural grounds. *Beard v. Kindler*, 130 S.Ct. 612, 614 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state procedural rule is "independent" if the state law basis for the decision is not interwoven with federal law. *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2000). A state procedural rule is "adequate" if it is firmly

established and regularly followed. *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). A habeas petitioner may obtain federal review of a procedurally defaulted claim only by demonstrating "cause" for the failure to comply with the state procedural rule and "prejudice" arising from the default. *Coleman*, 501 U.S. at 750.

In California, a summary denial of a habeas petition by the California Supreme Court citing *In re Clark*, 5 Cal. 4th 750 (1993) or *In re Robbins*, 18 Cal.4th 770, 780 (1998), means that the petition has been rejected as untimely. *Walker*, 131 S.Ct. at 1126. The Ninth Circuit has held that California's timeliness bar is independent. *See Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). In *Walker*, the U.S. Supreme Court found California's timeliness requirement for habeas petitions to be adequate as it is clearly established and consistently applied. *Walker*, 131 S.Ct at 1128-31. Therefore, the California Supreme Court's denial of petitioner's habeas petition as untimely rests upon on a state law ground that is "independent" of federal law and is "adequate" to support the judgment, and petitioner's claims are procedurally defaulted unless he can show cause and prejudice to excuse the default.

Adequate "cause" for a default must be an "external" factor that cannot fairly be attributed to the petitioner. *Coleman*, 501 U.S. at 753. If insufficient cause is shown, the Court need not reach the prejudice question. *Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007). Here, petitioner raised the same sentencing claim in his FAP that was rejected by the California Supreme Court for being untimely. Petitioner offers no reason why his procedural default should be excused and, therefore, has not made the requisite showing.

**C. Petitioner's Sentencing Error Claim is Precluded by *Tollett v. Henderson***

*Tollett v. Henderson* bars federal review of sentencing error claims when petitioners have pled guilty. 411 U.S. 258, 267 (1973). In that case, the Supreme Court explained

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may

only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970.]

*Id.* Thus, pursuant to *Tollett*, petitioner's sentencing error claim cannot afford him habeas relief.

### III.  CONCLUSION & RECOMMENDATION

This Report and Recommendation is submitted to the Honorable Cynthia Bashant, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). After a thorough review of the record in this matter, the undersigned magistrate judge finds that petitioner's claim is untimely, procedurally defaulted and barred by *Tollett*. Therefore, the Court recommends respondent's Motion to Dismiss be GRANTED, the FAP be DISMISSED WITH PREJUDICE.

IT IS ORDERED that not later than **December 28, 2018**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be served and filed not later than **January 4, 2018**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  December 6, 2018

Hon. Karen S. Crawford
United States Magistrate Judge