# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MUNYRORO, | Case No. 18-cv-00458-BAS-KSC |
| Petitioner, | **ORDER:** |
| v. | **(1) ADOPTING REPORT & RECOMMENDATION [ECF No. 13];** |
| RICK HILL, Warden, | **(2) GRANTING MOTION TO DISMISS [ECF No. 8];** |
| Respondent. | **(3) DISMISSING FIRST AMENDED PETITION WITH PREJUDICE [ECF No. 1]** |
| | **AND** |
| | **(4) DENYING CERTIFICATE OF APPEALABILITY** |

On January 9, 2013, Petitioner Roger Munyroro ("Petitioner") entered a guilty plea to the charges of assault with the intent to produce great bodily harm, Cal. Penal Code § 245(a)(4)), and possession of a firearm by a felon, Cal. Penal Code §29800(a)(1)). He also admitted to firearm use and a prior conviction allegation and on March 14, 2013, was sentenced to a total of fifteen years and four months in state prison. (ECF Nos. 3, 9-1, 9-2, 9-3.)

On February 20, 2018, Petitioner, proceeding *pro se*, constructively filed the original federal habeas petition in this matter. (ECF No. 1.) After this Court dismissed the original petition without prejudice, Petitioner, proceeding *in forma pauperis*, constructively filed a First Amended Petition ("FAP") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 25, 2018. (ECF No. 3.) The FAP alleges sentencing errors pursuant to California law and in violation of the Eighth and Fourteenth Amendments of the United States Constitution. (*Id*. at 14–17.) On August 6, 2018, Respondent Hill filed a motion to dismiss the Petition as barred by the statute of limitations. (ECF No. 8.) Petitioner failed to oppose the motion, either by the original September 26, 2018 deadline or the extended November 2, 2018 deadline set by Magistrate Karen S. Crawford. (ECF Nos. 6, 10.)

Magistrate Judge Crawford issued a Report and Recommendation (R&R) on December 6, 2018, recommending that the Court grant Respondent Hill's motion to dismiss the FAP as time barred pursuant to 28 U.S.C. § 2244(d)(1). (ECF No. 13 at 3–6.) Magistrate Judge Crawford also determined that Petitioner's claim of sentencing error is procedurally defaulted and any review of sentencing error is barred pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), because Petitioner pleaded guilty. Petitioner had not filed any opposition to the motion to dismiss at the time the R&R issued. (*Id.* at 1.) The deadline for the parties to file any written objections to the R&R was December 28, 2018. (*Id*. at 8.) No objections have been lodged as of the date of this Order. For the reasons herein, the Court: (1) approves and adopts the R&R in its entirety, (2) grants Respondent Hill's motion to dismiss the FAP as time-barred, (3) dismisses the FAP with prejudice, and (4) denies a certificate of appealability,

# ANALYSIS[1]

## A. The R&R's Conclusions are Proper

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this District. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline to file written objections to the R&R was December 28, 2018. (ECF No. 13.) However, no objections have been filed and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the FAP (ECF No. 3), Respondent Hill's motion to

---

[1] The Court adopts and incorporates the procedural and factual background set forth in the R&R and does not recount it here. (ECF No. 13 at 2–3.)

dismiss (ECF No. 8), and the R&R (ECF No. 13), the Court concludes that Judge Crawford's recommendation to dismiss the FAP as time-barred is proper.[2]

Judge Crawford properly concluded that dismissal is warranted based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). (ECF No. 13 at 3–6.) A federal habeas petition may be dismissed with prejudice if it is not filed within the appropriate time period pursuant to AEDPA. *Jiminez v. Rice*, 276 F.3d 478, 482–83 (9th Cir. 2001). AEDPA establishes a 1-year statute of limitation to file a federal habeas petition for "a person in custody pursuant to the judgment of a State court," which begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Although the 1-year statute of limitations can be calculated based on the "latest" of several other grounds in addition to the ground identified in Section 2244(d)(1)(A), *see* 28 U.S.C. § 2224(d)(1)(B)–(D), the FAP does not set forth any facts or arguments that suggest any of these other grounds are applicable. (*See generally* FAP.) Therefore, the FAP is subject to the 1-year statute of limitations calculated from the date on which the judgment Petitioner challenges became final.

Judge Crawford correctly applied the statute of limitations in this case. The relevant date for computation of the statute of limitation is the expiration of the time for Petitioner to file an appeal from his March 14, 2013 sentencing in connection with his plea agreement. (ECF No. 13 at 4.) Petitioner had sixty days to appeal that judgment pursuant to California appeals procedure, which means that his conviction

---

[2] In addition, even if Petitioner could show the Petition is not time-barred, the Court approves and adopts Judge Crawford's second conclusion that Petitioner's claim of sentencing error is procedurally defaulted because the summary denial by the California Supreme Court of Petitioner's state habeas petition indicates that that petition was denied as untimely. (ECF No. 13 at 6–7); *see Walker v. Martin*, 562 U.S. 307, 316 (2011); *In re Clark*, 855 P.2d 729 (Cal. 1993).

became "final" on May 13, 2013. (*Id*. (citing Cal. R. Ct. 8.308(a); Cal. Pen. Code § 1237(a).) Judge Crawford correctly reasoned that although AEDPA permits for tolling of its 1-year statute of limitations during the pendency of state post-conviction or other collateral review, Petitioner is not entitled to such tolling because he did not file his first state petition until December 8, 2015—over one and a half years after the AEDPA statute of limitations period ended. (*Id*. at. 5); *see Jiminez*, 276 F.3d at 482 (finding that statutory tolling is not available when first state habeas petition is filed after the AEDPA limitations period has expired). Thus, Petitioner's collateral state filings cannot save his federal habeas petition from the statute of limitations.

Finally, Judge Crawford soundly reasoned that Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations because Petitioner has not set forth any facts or arguments that equitable tolling should apply. (ECF No. 13 at 6); *Luu v. Beard*, No. 13cv1182–MMA (RBB), 2014 WL 2616878, at *2, 13 (S.D. Cal. June 12, 2014). Accordingly, it is proper to approve and adopt the R&R's recommendation to grant Respondent's motion to dismiss the Petition as time-barred.

## B. The Court Declines to Issue a Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). Based on a review of the FAP, the record, and the R&R (ECF Nos. 3, 13) as well as Petitioner's failure to pursue his FAP, the Court cannot find that any of these grounds

applies. Reasonable jurists would not find debatable or wrong that the FAP is time-barred by AEDPA or that Petitioner has not met his burden to show that equitable tolling is appropriate. Accordingly, the Court declines to issue Petitioner a certificate of appealability.

## CONCLUSION & ORDER

For the foregoing reasons, the Court hereby: (1) **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 13); (2) **GRANTS** Respondent's motion to dismiss (ECF No. 8); (4) **DISMISSES** the FAP **WITH PREJUDICE** (ECF No. 3); and (5) **DENIES** Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

DATED: January 2, 2019

Hon. Cynthia Bashant
United States District Judge